# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SHEA E. SHEA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:09-CV-2112-VEH |
| | ) |
| **ANNISTON SUZUKI, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## FINDINGS AND CONCLUSIONS

This cause coming on to be heard on the written motion of Plaintiff, supported by affidavit, for Judgment by Default in favor of Plaintiff, and against Defendant, Anniston Suzuki, LLC, pursuant to Rule 55(b), Federal Rules of Civil Procedure, the court makes the following findings and conclusions:

1. Plaintiff exhausted all administrative remedies prior to bringing this lawsuit. This action was timely filed.

2. The Summons and Complaint were served upon Defendant, Anniston Suzuki, LLC, on October 28, 2009. Defendant has failed to appear, plead, or otherwise defend.

3. Defendant Anniston Suzuki, LLC, is a limited liability corporation.

4. Plaintiff was over forty (40) years of age but younger than seventy (70) years of age at all times relevant to this lawsuit.

5. On or about April 23, 2007, Defendant hired Plaintiff as a "parts manager." Plaintiff was qualified for the job and satisfactorily performed his job duties.

6. On or about June 23, 2008, Defendant hired Wendy Carroll. Carroll was born on May 28, 1970. She is approximately thirty years younger than Plaintiff.

7. On or about July 1, 2008, Defendant terminated Plaintiff's employment without notice or explanation. Plaintiff was replaced by Carroll.

8. Defendant discriminated against Plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff was a member of a protected group of persons between the ages of forty (40) and seventy (70). Defendant terminated Plaintiff's employment because of his age. Defendant replaced Plaintiff with an individual who is substantially younger than Plaintiff. Plaintiff was qualified to do the job from which he was terminated.[1]

A judgment will be entered consistent with these findings and conclusions.

---

[1] *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (noting that, for purposes of establishing a *prima facie* case under the ADEA, a plaintiff must show that "(1) that [he] was a member of the protected group of persons between the ages of forty and seventy; (2) that [he] was subject to adverse employment action; (3) that a substantially younger person filled the position that [he] sought or from which [he] was discharged; and (4) that [he] was qualified to do the job for which [he] was rejected."). The allegations of Plaintiff's Complaint demonstrate the foregoing elements.

**DONE** this the 29th day of January, 2010.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge